IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:07CV01570 (RCL) |
| BUREAU OF LAND MANAGEMENT | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER**

Defendant Bureau of Land Management hereby answers Plaintiff's Complaint for Declaratory and Injunctive Relief as follows:

The unnumbered, introductory paragraph of Plaintiff's Complaint is Plaintiff's characterization of its lawsuit, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff has filed this lawsuit pursuant to the Freedom of Information Act and respectfully refers the Court to 5 U.S.C. § 552 for a full and accurate statement of the statute's contents. To the extent that the averments set forth in this paragraph consist of Plaintiff's assertions as to the legal nature and statutory basis of its claims, Defendant asserts that these are conclusions of law to which no response is required.

1.  Paragraph one contains Plaintiff's conclusions of law regarding the jurisdictional basis for this action, to which no response is required.

2. Defendant admits that venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

3. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph three.

4. Defendant admits the first and second sentences of paragraph four. The averments contained in the third sentence are conclusions of law to which no response is required. To the extent that the third sentence is deemed to contain Plaintiff's factual averments, Defendant admits that it has possession, custody, and control over some of the records that Plaintiff seeks. Defendant denies that it has possession, custody, and control over all of the records that Plaintiff seeks.

5. Paragraph five and its subparagraphs (1), (2), and (3) characterize a March 8, 2007 letter from Plaintiff to Defendant, the content of which speaks for itself. To the extent that the allegations in paragraph five and its subparagraphs (1) through (3) are inconsistent with the letter, Defendant denies the allegations. With respect to the last sentence in paragraph five, Defendant admits that Plaintiff sent FOIA requests to both the Washington, D.C. headquarters of Defendant and Defendant's Las Vegas Field Office.

6. Defendant admits the allegations in paragraph six.

7. Paragraph seven contains Plaintiff's conclusions of law, to which no response is required. To the extent that a response is deemed required, the cited statutory provision, 5 U.S.C. § 552(a)(6)(A)(i), speaks for itself, and Defendant denies the allegations set forth in this

paragraph to the extent that they are inconsistent with the statutory provision.

8. Defendant admits that it did not produce any records responsive to Plaintiff's request as of September 4, 2007. Further answering, Defendant states that it was still processing Plaintiff's FOIA request when Plaintiff filed this lawsuit, and further states that Defendant has completed its processing and has since released all responsive records with the exception of one cell phone number withheld pursuant to exemption (b)6 of FOIA, 5 U.S.C. § 552(b)(6).

9. Defendant repeats and realleges its responses contained in paragraphs one through eight.

10. Defendant denies the allegations in paragraph ten.

The final, unnumbered paragraph of the Complaint contains a prayer for relief, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in this paragraph and further denies that Plaintiff is entitled to the requested relief or any other relief from Defendant.

Defendant denies any and all allegations of the Complaint not expressly admitted herein to which a response is deemed required.

## **AFFIRMATIVE DEFENSES**

1. The Court lacks subject matter jurisdiction over Plaintiff's request for relief because all non-exempt, responsive documents in Defendant's possession have been released to Plaintiff thereby rendering Plaintiff's Complaint for Declaratory and Injunctive Relief moot.

    2.      Plaintiff is not entitled to compel production of records protected from disclosure by one or more exemptions to the Freedom of Information Act, 5 U.S.C. § 552.

**WHEREFORE**, having fully answered, Defendant prays that:

1. This Court enter judgment for Defendant and dismiss this action with prejudice; and
2. The Court grant Defendant such further relief as this Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ARTHUR R. GOLDBERG
Assistant Branch Director

 /s/*Tamra T. Moore*
TAMRA T. MOORE, D.C. Bar No. 488392
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7119
Washington, D.C.  20530
Tel: (202) 514-8095/Fax: (202) 616-8470
E-mail: Tamra.Moore@usdoj.gov

Dated: October 11, 2007        Attorneys for Defendant

## CERTIFICATE OF COUNSEL

      Pursuant to Local Civil Rule 83.2(j), I hereby certify that I am personally familiar with the Local Rules of this Court.


Dated:    10/11/2007                      /s/ *Tamra T. Moore*
                                               TAMRA T. MOORE, D.C. Bar No. 488392
                                               Trial Attorney
                                               U.S. Department of Justice
                                               Civil Division, Federal Programs Branch
                                               20 Massachusetts Avenue, N.W., Room 7119
                                               Washington, D.C.  20530
                                               Tel: (202) 514-8095/Fax: (202) 616-8470
                                               E-mail: Tamra.Moore@usdoj.gov