IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 07-1570 (RCL) |
| | ) | |
| BUREAU OF LAND MANAGEMENT | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
VERIFIED MOTION FOR AN AWARD OF
<u>ATTORNEY'S FEES AND LITIGATION EXPENSES</u>**

Plaintiff Judicial Watch, Inc. ("Judicial Watch"), by counsel, submits this reply in support of its motion for attorney's fees and costs in this Freedom of Information Act ("FOIA") matter. The recent amendments to the attorney fee provisions of FOIA were intended to address precisely the type of agency behavior at issue in this case. Defendant Bureau of Land Management ("BLM") provided responsive documents only after initiation of this lawsuit, but prior to the entry of an order favorable to Judicial Watch. Under the clarifications to FOIA's attorney fee provisions in the Open Government Act of 2007, Pub. L. No. 110-175, § 4(a)(2)(ii), 121 Stat. 2524 (2007) ("Open Government Act"), Judicial Watch is both eligible for and entitled to its attorney's fees in this matter.

In its opposition ("Def.'s Mem."), BLM makes essentially two arguments – that the Open Government Act should not be applied retroactively, and that, if it is, the agency's release of responsive documents does not constitute a voluntary or unilateral change in position. For the reasons set forth below, the agency's arguments are misplaced.

## MEMORANDUM OF LAW

**I.    The Attorney Fee Provisions of the Open Government Act Apply to This Case.**

As set forth in Judicial Watch's opening brief, the U.S. Supreme Court has stated that a court should generally apply the version of a statute, including any amendment, that is in effect at the time of its decision. Defendant BLM responds by relying on the traditional presumption against applying a statute retroactively absent specific congressional intent. Def.'s. Mem. at 9-10. The parties are in agreement that neither the Open Government Act nor its legislative history contain a clear indication as to whether the Open Government Act should operate retroactively. In such a case, as explained by the Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), a court then must look to whether the new statute would "impair rights a party possessed when [it] acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 280. The Court in *Landgraf* discussed at length how "substantive" provisions, such as changes in available punitive and compensatory damages, may impermissibly attach new legal burdens to past conduct. *Id.*

In this case, it is not necessary to speculate as to whether application of the Open Government Act would have an impermissible retroactive effect, as attorney fee provisions are not considered "substantive." In *Landgraf*, the Court specifically determined that attorney fee provisions are "procedural," rather than "substantive," in nature as they are "collateral to the main cause of action" and "uniquely separable from the cause of action to be proved at trial." *Id.* at 277 (citations omitted). In a concurring opinion in *Landgraf*, Justice Scalia disagreed with the Court's reasoning, but left no doubt that the holding of the majority is that attorney fee provisions

are "procedural," and therefore "retroactive application" of attorney fee provisions is appropriate under the Court's ruling. 511 U.S. at 292.  As *Landgraf*'s holding is directly on point with this case, there is no reason to vary from its conclusion.

BLM argues, however, that principles of sovereign immunity require that the Open Government Act's attorney fee provisions cannot be applied retroactively.  Defendant BLM is incorrect in relying on *Brown v. Secretary of the Army*, 78 F.3d 645, 650 (D.C. Cir. 1996) and *Trout v. Secretary of the Navy*, 317 F.3d 286 (D.C. Cir. 2003), as these cases stand only for the proposition that *interest* on damage or attorney fee awards may not be applied retroactively absent express congressional intent.  Like *Landgraf*, these cases both address the retroactivity of the Civil Rights Act of 1991.  Also like *Landgraf*, these cases conclude that damages awards, and interest on damages, are substantive provisions that cannot be applied retroactively.  These cases do not address, and certainly cannot displace the holding in *Landgraf*, that attorney fee provisions are procedural rather than substantive in nature, and therefore have no impermissible retroactive effect.  The sovereign immunity concerns of *Brown* and *Trout* do not arise in this case.

This conclusion is entirely consistent with a prior holding of this Court in *Tax Analysts v. IRS*, No. 96-2285, 2000 U.S. Dist. LEXIS 5066, *8-9 (D.D.C. March 31, 2000).  In that case, Judge Kollar-Kotelly specifically found that, in the absence of legislative intent, a prior amendment to FOIA's attorney fee provisions did not have impermissible retroactive effect as a fee determination was not a "substantive right or settled expectation under FOIA."  Following *Landgraf*, the Court stated that application of the amended law would not "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed."  *Id.* at *8.  This is because, as the Court explained:

> FOIA never guaranteed that complainants could recover attorney's fees; in this Circuit, a complainant is so entitled only if it is both "eligible" and "entitled." The discretionary nature of both the eligibility test and the entitlement test militate against viewing attorney's fees as either a substantive right or a settled expectation under FOIA.

*Id.* at *9 (citations and footnotes omitted); *see also Cuneo v. Rumsfeld*, 553 F.2d 1360 (D.C. Cir. 1977) (provision in FOIA authorizing awards of attorney's fees applied retroactively despite rule of strict construction because legislative history showed that Congress intended that existing body of law governing attorney's fees be used to determine whether award could be made against Government).

Similarly, in this case the Open Government Act implicates only a procedural, not a substantive right, and therefore does not "impair the rights" or "increase the liability" of the agency. The Open Government Act merely clarifies existing "procedural" provisions under which Judicial Watch *may* be eligible for attorney's fees. Accordingly, the Open Government Act properly governs the question as to whether Judicial Watch substantially prevailed in this matter.

**II.    Under the Plain Language of the Open Government Act, Judicial Watch Substantially Prevailed As the Agency Voluntarily and Unilaterally Changed Its Position.**

It is axiomatic that a court is bound by the plain language of the statute. "[W]hen the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (internal quotation marks omitted). In this case, after months of failing to produce the requested records, Defendant BLM plainly changed

its position by producing records to Judicial Watch a mere 15 days after the filing of this lawsuit. Under the plain language of the Open Government Act, this constitutes a voluntary and unilateral change in position by the agency and constituted relief to Judicial Watch. Accordingly, Judicial Watch substantially prevailed and is, therefore, eligible for an award of attorney's fees.

BLM asserts that Judicial Watch did not substantially prevail because its lawsuit was not the "causal link" precipitating BLM's release of documents. First, as a preliminary matter, none of the cases upon which BLM relies apply the law as now clarified by the Open Government Act. Def.'s Mem. at 16-17 (relying on, e.g., *Weisberg v. DOJ*, 745 F.2d 1476 (D.C. Cir. 1984)). The legal standards which determine whether a FOIA litigant has substantially prevailed are those set forth in the provisions of the Open Government Act.

Moreover, contrary to BLM's representations, the "record evidence" in this case does demonstrate a change in position by the agency. Prior to this lawsuit, BLM repeatedly misinformed Judicial Watch regarding the alleged release of documents and failed to produce any documents by the dates on which BLM claimed that it would. Judicial Watch was repeatedly told that responsive documents were about to be released, only to receive nothing from the agency. As a result, Judicial Watch "not unreasonably believed that [the responsive records] would not be unconditionally released absent a lawsuit." *Cf. Chesapeake Bay Foundation v. Dep't of Agriculture*, 11 F.3d 211, 215 (D.C. Cir. 1993).

BLM received Judicial Watch's FOIA request March 9, 2007. It was required to produce responsive documents by April 6, 2007. Subsequently, in response to Judicial Watch's inquiries, BLM repeatedly claimed it was processing the request and was close to producing documents,

but no documents were produced.  Judicial Watch received the following e-mails from BLM regarding the status of its request:

- April 27, 2007:  BLM promises to "complete processing by May 11, 2007," or that it will contact Judicial Watch by May 4, 2007, if additional time for processing is needed.

- July 10, 2007:  BLM claims "that within the next 2 days, the package will go to the Solicitor's office for review/approval before release.  We anticipate completion of the process with the next 10 days."

- July 31, 2007:  BLM again claims "[y]our FOIA request is near completion and I hope to have it to the Solicitor's office by Friday August 3rd."

- August 3, 2007: BLM yet again claims "[w]e are very near completion of review on your FOIA request . . . Your package should be in the Solicitor's Office no later than Tuesday, August 7th."

*See* Def.'s Mem. (Exhibit 1 to the "Supplemental Declaration of Barbara J. Brown").  Judicial Watch received no further communication from BLM after August 3, 2007, much less any responsive documents, until after it filed this action on September 5, 2007.  On September 20, 2007, a mere 15 days after the lawsuit was filed, BLM produced responsive documents.

BLM asks the Court to accept its self-serving statements that it always intended to produce documents to Judicial Watch, but that it was repeatedly delayed for various alleged reasons.  As the above e-mails messages demonstrate, the agency repeatedly misinformed Judicial Watch as to the status of its request, and, as far as Judicial Watch could know, the agency never intended to produce the responsive records.  The purpose of the Open Government Act is to address just this type of gamesmanship by an agency, where records are produced, but only after a lawsuit is initiated.  Statements made "after-the-fact," as opposed to actual conduct,

are not sufficient to demonstrate whether an agency "changed its position."  Otherwise, the Open Government Act and the attorney fee provisions of FOIA would be rendered meaningless.

Finally, in regard to whether Judicial Watch is "entitled" to a fee award, BLM does not dispute the public interest nature of the request or Judicial Watch's non-commercial motive. Def.'s Mem. at 20.  Instead, BLM only argues again that Judicial Watch is not entitled to fees as the agency always supposedly intended to produce the documents.  Because the agency's undisputed behavior belies this conclusion, Judicial Watch also is entitled to a fee award.

### III.    Conclusion.

For the foregoing reasons and the reasons set forth in its motion, Judicial Watch respectfully requests that it be awarded its attorney's fees and expenses in this matter.

Dated:  March 17, 2008                                              Respectfully submitted,

                                                                    JUDICIAL WATCH, INC.


                                                                    s/ James F. Peterson
                                                                    D.C. Bar No. 450171
                                                                    501 School Street, S.W.
                                                                    Suite 500
                                                                    Washington, DC 20024
                                                                    (202) 646-5172

                                                                    *Attorneys for Plaintiff*